**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4617**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

WILLIE HERNANDEZ FLEMING,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:14-cr-00400-RDB-1)

Submitted:  January 25, 2017          Decided:  February 1, 2017

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Arthur S. Cheslock, Baltimore, Maryland, for Appellant.   John Francis Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Hernandez Fleming pled guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012). The district court sentenced Fleming within his advisory Guidelines range to 137 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Fleming's counsel has filed a brief certifying there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Fleming's guilty plea and whether Fleming's sentence is reasonable.* We affirm the district court's judgment.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v.

---

* Fleming's attorney also questions the validity of the appeal waiver in the plea agreement. Because the Government does not seek to enforce the waiver, and we will not enforce the waiver sua sponte, we have reviewed the case in accordance with Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007); see United States v. Jones, 667 F.3d 477, 486 (4th Cir. 2012).

DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20.

Because Fleming did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Fleming] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." Id. at 816. In the guilty plea context, a defendant "must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." Id. (internal quotation marks omitted). We conclude that Fleming has not established error, plain or otherwise, in his Rule 11 hearing. The district court correctly found Fleming's plea knowing and voluntary, and supported by an independent factual basis.

As to Fleming's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In

3

determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. at 51. A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

In this case, the record establishes that Fleming's sentence is procedurally and substantively reasonable. In accordance with Anders, we have reviewed the entire record in this case and Fleming's pro se supplemental briefs and have found no meritorious grounds for appeal. We therefore grant Fleming's motion to file a supplemental brief and affirm the district court's judgment. This court requires that counsel inform Fleming, in writing, of the right to petition the Supreme Court of the United States for further review. If Fleming requests that a petition be filed, but counsel believes that

4

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fleming.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED